# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## DERWIN THOMAS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27939    Joseph B. Dailey, Judge**

---

**No. W2004-00515-CCA-R3-CO  - Filed October 8, 2004**

---

The Petitioner, Derwin Thomas, appeals the trial court's denial of his petition for writ of error coram nobis relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   Petitioner's petition for writ of error coram nobis is untimely and is therefore time-barred.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Derwin V. Thomas, pro se.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

Petitioner Thomas was found guilty by a Shelby County jury of two counts of especially aggravated kidnapping, one count of especially aggravated robbery, and two counts of first degree murder.  *See State v. Aaron A. Winters and Derwin V. Thomas*, No. 02C01-9802-CR-00053, 1999 WL 628968, at * 1 (Tenn. Crim. App. at Jackson, Aug. 19, 1999), *perm. to appeal denied*, (Tenn. Mar. 6, 2000).  For these offenses, Petitioner Thomas received two consecutive

1

sentences of life without parole for each murder conviction. *Id.* He also received twenty-five-year sentences for each kidnapping conviction and a twenty-five-year sentence on the robbery conviction. *Id.* These sentences were to be served concurrently with each other and to the sentences for the two murder convictions. *Id.* This Court affirmed the convictions and sentences on direct appeal. Post-conviction relief was timely pursued by Petitioner Thomas, but such relief was denied by the trial court. *See Derwin Thomas v. State*, No. W2002-01964-CCA-R3-PC, 2003 WL 1860538, at * 1 (Tenn. Crim. App. at Jackson, Apr. 7, 2003), *perm. to appeal denied*, (Tenn. Oct. 6, 2003).

On December 4, 2003, Petitioner filed an application for the writ of error coram nobis. As grounds for issuance of the writ, Petitioner asserted that his co-defendant, Aaron Winters, had provided an affidavit exculpating the Petitioner from the crimes for which he stands convicted. Specifically, the affidavit of Winters' provides:

> On May 31, 1995[,] myself, Rodney Edwards and Sekour Barnes were together, when Sekour Barnes killed Ira West, and Malik Matthews, inside the house. Mr. Derwin Thomas did not kill anyone, and was not present at the time the incident took place. I lied on Mr. Thomas, because the homicide detectives (as well as Sekour Barnes) had threaten [sic] me, and told me to say, that, Mr. Derwin Thomas had killed these two (2) individuals. They (homicide detectives) also promised to let me go, if I said Mr. Derwin Thomas committed these crimes.

By order entered January 26, 2004, the trial court summarily dismissed the petition for coram nobis relief as time-barred and as failing to state adequate grounds for issuance of the writ.

A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. Tenn. Code Ann. § 27-7-103; *State v. Mixon*, 983 S.W.2d 661, 671 (Tenn. 1999). Although the record before this Court fails to contain the judgments of conviction for the contested convictions, the petition, obviously, was filed well outside the one-year statute of limitations as it was filed over four years after this Court's affirmance of Petitioner's convictions on direct appeal. Notwithstanding, due process may require that the statute of limitations for filing a petition for writ of error coram nobis be tolled. *See Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001) (holding due process required tolling of the statute of limitations where "Workman's interest in obtaining a hearing to present newly discovered evidence that may establish actual innocence of a capital offense far outweighs any governmental interest in preventing the litigation of stale claims"): *State v. Ratliff*, 71 S.W.3d 291, 298 (Tenn. Crim. App. 2001) (holding due process required tolling of the statute of limitations where the petition was filed fourteen days late and the "great weight of the evidence against [the petitioner]" came from the victim, who recanted her testimony). In the instant case, the Petitioner has failed to advance nor do we find any ground for which the statute of limitations should be tolled. Accordingly, the trial court properly dismissed the petition as time-barred.

Moreover, with respect to coram nobis relief, the Code provides:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for

2

> subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105. Although a witness' recantation of his prior trial testimony may be newly discovered evidence, *see Mixon*, 983 S.W.2d at 671, before granting a new trial on the basis of newly recanted testimony, the trial court must find: (1) it is reasonably well satisfied that the testimony given by the material witness was false and the new testimony is true; (2) the defendant was reasonably diligent in discovering the new evidence, or was surprised by the false testimony, or was unable to know of the falsity of the testimony until after the trial; and (3) the jury might have reached a different conclusion had the truth been told. *Ratliff*, 71 S.W.3d at 298 (citation omitted). In this case, the Petitioner has failed to satisfy these threshold criteria.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE